## APPEAL OF RICHARD M. PAGE.

Docket. No. 4062.    Submitted August 25, 1925.    Decided November 11, 1925.

Richard M. Page, Esq., pro se.
Ward Loveless, Esq., for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the year 1923 in the amount of $41.27.

### FINDINGS OF FACT

The taxpayer is an individual residing in New York City. During the year 1923, and prior thereto, he advanced, in payment of bills incurred by his brother, sums in an aggregate amount of $699.43, and received repayments from the persons to whom such bills were paid on account of errors therein, in the amount of $88.06, his total advances being $611.33, in pursuance of a power of attorney given him by his brother in 1921, the material portions of which read as follows:

(a) To ask, demand, sue for, recover, collect and receive all such sums of money, debts, accounts, interests, dividends, annuities and demands whatsoever, as now are, or hereafter shall become, due, owing, or payable, to me; and

(b) To make, execute and deliver acquittances, receipts, releases, or other discharges, therefor; and

(c) To purchase, receive, and take possession of all lands, tenements, and hereditaments, upon such terms, conditions and covenants as he may think proper; and

(d) To lease, bargain, transfer, convey, grant and mortgage all lands, tenements and hereditaments, upon such terms, conditions and covenants as he may think proper; and

(e) To buy, sell, mortgage, hypothecate, and, in every way and manner, deal in and with, goods, wares and merchandise, and choses in action; and

(f) To engage in, do and transact all and every kind of business that he may think proper; and

(g) To borrow money from himself, as well as from third persons, and to pay and discharge all such sums of money, debts, accounts, interest and demands whatsoever as now are, or hereafter shall become due, owing or payable by me; and

(h) To make, sign, execute, seal, acknowledge and deliver all such deeds, leases, and assignments of leases, covenants, indentures, agreements, hypothecations, bills of lading, bonds, notes, receipts, evidences of debts, releases, and satisfactions of mortgage, judgments, and other debts, and such other instruments of whatsoever kind and nature as may be necessary, or proper, in the premises.

The taxpayer's brother had been an officer in the United States Army during the war, and, at the time of his discharge, was in such physical and mental condition as to be incapable of self-support.

He had a complete nervous and physical breakdown in 1922, and was at that time admitted to a rehabilitation hospital in Denver, and while there incurred bills which in part formed the basis of the advances above mentioned. He also had attempted to sell life insurance, and was indebted to the life insurance company for premiums received but not accounted for, which premiums the taxpayer also made good as a part of the said advances. The brother had been a metallurgical engineer prior to his entering the service but was unable to secure employment in that field after his discharge. The brother had trouble with his wife, who divorced him and thereafter obtained judgments against him, due to his failure to pay alimony as stipulated in the divorce decree. The brother was at all times during the taxable year in question, and has been at all times since, wholly unable to repay the sums advanced by the taxpayer. The taxpayer, at all times when the advances were made, knew the financial condition of his brother, and knew that he was not then able to repay anything. The taxpayer, however, charged all advances upon his books to an account in his brother's name and charged off as a debt ascertained to be worthless the above amount of $611.33 at the close of 1923.

DECISION.

The determination of the Commissioner is approved.